ELLEN E. WEED, Appellant, *v.* BOLTUS M. BRUSH, Respondent.

*Damages to real property — view of the premises by the jury — its verdict not disturbed on appeal.*

Upon the trial of an action brought in the court of a justice of the peace to recover damages for injuries alleged to have been occasioned to real property of the plaintiff by the flow of refuse material from defendant's soda water factory upon plaintiff's land, at the request of both plaintiff and defendant the court permitted the jury to personally view the premises in question. The jury rendered a verdict in favor of the plaintiff for seventy-five dollars damages.

On appeal by the plaintiff from a judgment of the Special Term reversing the judgment of the Justice's Court,

*Held*, that the plaintiff was clearly entitled to a verdict, her premises having been seriously injured, and that if the testimony of the witnesses did not fix the basis or lay a foundation for the verdict, that defect was supplied by the view which the jury had of the premises in question which constituted a sufficient basis for its verdict. In such a case an appellate tribunal will refuse to interfere with a verdict unless the amount is so excessive or insufficient as to be palpably unjust.

APPEAL by the plaintiff, Ellen E. Weed, from a judgment of the Supreme Court in favor of the defendant entered in the office of the clerk of the county of Rockland on the 31st day of December, 1894, upon the decision of the court rendered after a trial at the Orange Special Term, reversing a judgment rendered by a justice of the peace of the town of Clarkstown, Rockland county, N. Y., after a trial before said justice and a jury.

*Garrett Z. Snider*, for the appellant.

*Arthur S. Tompkins*, for the respondent.

DYKMAN, J. :

This action was commenced in a Court of a Justice of the Peace in Rockland county to recover damages for injuries alleged to have been occasioned to the real property of the plaintiff by the flow of refuse matter from the soda water factory of the defendant upon the plaintiff's land.   On the trial before the justice of the peace, a judgment was rendered in favor of the plaintiff for the sum of seventy-five dollars damages.   An appeal from that judgment was taken by the defendant to the County Court, and by reason of the disqualification of the county judge, the appeal was removed to the Supreme Court, and by stipulation was argued before a justice of this court, who reversed the judgment of the justice, and a judgment was entered in favor of the defendant against the plaintiff for the sum of forty-one dollars and eighty-eight cents.   From that judgment the plaintiff has appealed to this court.   The action was for the recovery of damages for trespass upon land, and. the plaintiff charged that the defendant caused materials used in the manufacture of sarsaparilla and mineral waters to escape upon her land, and also that he threw and placed around her land bottles and other refuse material, also large quantities of ground marble dust, vitriol and other chemical substances.

The complaint then charged that by means of such wrongs her land was overflowed and depreciated, and a well of water upon the premises was destroyed.   The answer was in substance a general denial.   There was evidence upon the trial to prove the fact stated in the complaint.   The water flowed from a cesspool and washed over the plaintiff's yard, and the marble dust and refuse matter was washed over her premises, sometimes every day.   Glass was thrown upon her land and there was some proof of injury to the water in the well.

In any view there was sufficient proof to justify a verdict in favor of the plaintiff.   The defendant substantially admitted the overflow, but belittled the quantity and its effects upon the land and the water in the well.   The record states that at the close of the trial, "at the request of both plaintiff and defendant, and with their consent in open court, the court permitted the jury under the charge of the constable and attendants to personally view the premises in question, with instruction not to converse with any person or among

themselves, until the case had been submitted to them. The jury returned in about fifteen minutes, and the counsel then summed up for the respective parties."

The jury rendered a verdict in favor of the plaintiff against the defendant for seventy-five dollars damages. The question involved in this appeal has relation to the damages, and as we have already said, the plaintiff was entitled to a verdict for something, and, therefore, the sole question is one of amount. The obstacle in the way of the defendant is the stipulation to permit the jury to visit the premises. By that permission the jury could take ocular proof of the injury to the land. The eyes of the jurors and perhaps their taste of the water were permitted to testify, and their testimony is not submitted to us. We think it must be assumed that there was sufficient evidence presented to the jury and obtained from a view of the premises to justify the verdict.

The case is like an appeal from a report of commissioners appointed to appraise the damages for the appropriation of private property for public use. In such cases appellate tribunals refuse to interfere with the report upon mere questions of amount unless the awards are so excessive or insufficient as to be palpably unjust. That rule is applicable here. We can easily see that the premises of the plaintiff must have been seriously injured, and if the testimony of the witnesses did not fix the basis, or lay a foundation for the verdict, that defect was supplied by the view of the jury. The consent to such a view must be construed into a permission for the jury to act upon what the jurors saw, and if they discovered sufficient evidence of injury to the premises of the plaintiff to satisfy them that she had sustained damages to the amount of seventy-five dollars, that constituted a sufficient basis for their verdict. The testimony respecting the injury to the crops by the marble dust which was washed from a cesspool was competent, and its reception presents no error.

The judgment from which the appeal is taken should be reversed, and the judgment rendered by the Court of the Justice of the Peace should be affirmed, with costs to the plaintiff in all the courts.

PRATT, J., concurred, BROWN, P. J., not sitting.

Judgment reversed and judgment of the Court of Justice of the Peace affirmed, with costs to plaintiff in all courts.